UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH, | ) |
|     Petitioner, | ) CASE NO. C07-813-RSL-JPD |
| v. | ) |
| RICHARD D. EADIE, | ) REPORT AND RECOMMENDATION |
|     Respondent. | ) |

## I. INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the Clallam Bay Corrections Center in Clallam Bay, Washington. He filed the instant petition for writ of quo warranto, along with an application to proceed *in forma pauperis* ("IFP"). Having considered the petition and the application, the Court concludes that the petition should be DISMISSED for lack of jurisdiction, and the IFP application should be DENIED as moot.

## II. DISCUSSION

Petitioner alleges in his petition for writ of quo warranto that on August 31, 2001, King County Superior Court Judge Richard D. Eadie "knowingly, willfully, and intentionally" signed a Search Warrant without a complaint or Affidavit of Probable Cause, . . . in violation of Article VI Oath of Judges in the Constitution for the United States of America, [the] Fourth and Fifth Amendment[s], the Constitution for the State of Washington, and Laws. (Petition at 9.)

REPORT AND RECOMMENDATION
Page - 1

Petitioner further alleges that Judge Eadie caused him injury by conspiring with other parties in signing the search warrant to illegally imprison him and take away his 5-month old son, and by signing an order to terminate Petitioner's rights to his son. (*Id.*) Petitioner argues that "the irregular appointment of de facto Judge Richard D. Eadie has rendered alleged official actions null and void." (*Id.* at 10.) Citing Washington statute RCW 7.56.020, Petitioner asserts that a quo warranto proceeding is the proper exclusive method for determining the right to public office. (*Id.*)

Under federal case law, it appears that a quo warranto proceeding can be brought only by the United States, and not by private individuals. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (Quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights.) Thus, it does not appear that petitioner has asserted a proper basis for federal jurisdiction over his claim.

The Washington statute that governs quo warranto proceedings provides that a quo warranto action "may be filed against any person . . . when any person shall usurp, intrude upon, or unlawfully hold or exercise any public office . . . ." RCW 7.56.010(1). The statute restricts who may bring the action to "the prosecuting attorney in the superior court of the proper county, . . . , or by any other person on his own relation, *whenever he claims an interest in the office* . . . ." RCW 7.56.020 (emphasis added).

The Supreme Court of Washington has clarified that in order to show that he has an "interest in the office," a private individual must "*plead and prove title thereto in himself* . . . ." *State ex rel. Quick-Ruben v. Verharen*, 136 Wash. 2d 888, 896 (1998), *quoting State ex re. Dore v. Superior Court*, 167 Wash. 655 (1932) (emphasis in original). "A mere citizen, a voter or a taxpayer has no right to maintain such an action. It must be brought under the statute officially

REPORT AND RECOMMENDATION
Page - 2

by the prosecuting attorney, or it must be brought by a person who claims an interest in the office." *Id.* at 897.

In the instant case, Petitioner has not alleged that he has a right to occupy the office of King County Superior Court, Judge Position No. 33 that he claims is now unlawfully occupied by Judge Eadie. Thus, it appears that even under state law, Petitioner has failed to assert a proper basis for his quo warranto petition. Accordingly, because Petitioner has not asserted a proper basis for jurisdiction over his petition, it should be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that Petitioner's petition for writ of quo warranto be dismissed without prejudice. Consequently, Petitioner's IFP application may be denied as moot. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of March, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge